UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-WPD

**UNITED STATES OF AMERICA**

v.

**PATRICK BOYD and
CHARLES BOYD,**

      **Defendants**.

_____/

### JOINT MOTION FOR CONTINUATION OF TRIAL DATE, AND FOR A FINDING OF EXCLUDABLE DELAY

The United States of America, Patrick Boyd, and Charles Boyd (collectively the "Parties"), by and through undersigned counsel, file this Joint Motion to Continue the May 5, 2025 trial date. The parties respectfully request (1) a new trial date of September 29, 2025 or a date thereafter that is convenient for the Court, and (2) a finding that excludes under the Speedy Trial Act, 18 U.S.C. § 3161, the time from the date of this motion until the new trial date, because the ends of justice served by continuing the trial outweigh the interests of the Defendants and the public in a speedier trial. In support of the motion, the parties state as follows:

    1.    On June 18, 2024, Patrick Boyd and Charles Boyd (collectively, the "Defendants") were charged in a multicount indictment relating to the alleged distribution of diverted prescription drugs. Specifically, the Defendants were charged with one count of conspiracy to introduce into interstate commerce adulterated and misbranded drugs and to defraud the United States, in violation of 18 U.S.C. § 371; two counts of introducing into interstate commerce misbranded drugs, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2); one count of conspiracy to traffic in medical products with false documentation, in violation of 18 U.S.C. § 670; one count of

1

conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and three counts of wire fraud, in violation of 18 U.S.C. § 1343. (D.E. 10).

2. On June 21, 2024, Defendants Patrick Boyd and Charles Boyd made their initial appearances in the District of Maryland and were released on bond. Case No. 1:24-mj-01511, (D.E. 2); Case No. 1:24-mj-01510, (D.E. 2).

3. The Boyds were arraigned in the Southern District of Florida on August 1, 2024 (D.E. 33).

4. The Court conducted a status hearing on August 2, 2024 at which time a trial date was set for May 5, 2025 (D.E. 41).

5. The trial date was predicated on the Government's anticipated completed discovery production of an estimated 1.6 million files and the estimated time necessary for the Boyds to review discovery and prepare for trial.

6. The Government produced the estimated 1.6 million files in the fall of 2024 and the Boyds have diligently been reviewing discovery with the goal of being prepared for the May 5, 2025 trial date.

7. On February 27, 2025 counsel for the Boyds were notified by the Government filter team assigned to the Boyd's case that an additional 409, 417 records constituting 856,879 pages were being forwarded for review.

8. The filter team requested that the Boyds submit a privilege log relating to the 856,879 pages within forty-five days.

9. Any of the 856,879 pages produced by the filter team that are not claimed as privileged would then be turned over to the Government trial team who has not previously reviewed those documents.

10. The Boyds interrupted their trial preparation to conduct an initial review of a portion of the 856,879 pages of new documents produced by the Government filter team. The Boyds have represented to the Government that their initial review has identified numerous documents in that production that are material to their trial preparation.

11. Based on the production of the 856,879 new documents approximately sixty days before trial, the Boyds will not be able to properly be prepared for the May 5, 2025 trial date.

12. Likewise, the Boyds will not be able to conduct the necessary detailed review of documents and then prepare a privilege log relating to the newly produced 856,879 documents prior to the May 5, 2025 trial date.

13. Counsel for the Boyds recognize that the recent production of 856,879 documents was made by the Government filter team, and that the Government trial team has not seen these documents.

14. After conferring, the parties believe that a continuance of the May 5, 2025 trial date to allow the necessary document review, creation of a privilege log and completion of trial preparation is necessary to ensure that the defense can prepare for trial and that the Government prosecution team can review any documents ultimately released to the prosecution team.

15. Based upon the necessary time to complete all tasks, as well as the trial schedules of counsel, the parties request that trial be continued until September 29, 2025, or a date thereafter convenient for the Court.

16. The Court may properly exclude certain periods of delay in computing the time when trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and

the defendant in a speedy trial." *Id.* When considering whether to grant a continuance that is requested under this provision, one of the factors the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

17.　Given the nature and complexity of this case, the volume of discovery the Government has made to the Defendants, the time needed for review of the 856,879 newly produced documents and to resolve any privilege assertions, the time required for defense counsel to properly prepare for trial, the Parties jointly request that the Court continue the May 5, 2025 trial date.

18.　The Defendants knowingly and intelligently waive their speedy trial rights as necessary for the purposes of this motion. Specifically, for purposes of computing the date under the Speedy Trial Act by which the trial must commence, the parties agree that the time period of May 5, 2025 through the new trial date, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii), because the delay results from a continuance granted by the Court at the Defendant's and Government's request, on the basis of the Court's finding that: (1) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (2) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (3) the case is so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within 70 days; and (4) failure to grant the

continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

19. Neither the Government, the Defendants, the public, nor the Court would be prejudiced by the granting of this joint motion, which is made for the purposes set forth above and to ensure adequate representation.

20. The parties further note that counsel for the United States as well as all the Defendants are available for a trial beginning on September 29, 2025, or a date thereafter that is convenient for the Court.

21. Prior to filing this Motion, undersigned counsel for the Parties conferred and agreed to the relief sought in this Motion.

Dated: March 26, 2025

Respectfully submitted,

| | |
|---|---|
| HAYDEN P. O'BYRNE<br>UNITED STATES ATTORNEY | /s/ BRUCE A. ZIMET, ESQ.<br>Florida Bar No. 0225053 |
| LORINDA LARYEA, ACTING CHIEF<br>CRIMINAL DIVISION, FRAUD SECTION<br>U.S. DEPARTMENT OF JUSTICE | **BRUCE A. ZIMET, P.A.**<br>1555 Palm Beach Lakes Blvd.<br>Suite 1400<br>West Palm Beach, FL 33401<br>Tel: (561) 508-7741<br>Tel: (954) 764-7081<br>Fax: (954) 760-4421<br>Email:<br>BAZ@BruceAZimetLaw.com<br>Counsel for Charlie Boyd |
| By: */s/Jacqueline DerOvanesian*<br>Jacqueline Zee DerOvanesian,<br>Trial Attorney<br>Florida Bar No. 125662<br>Alexander Thor Pogozelski<br>Assistant United States Attorney<br>Florida Special Bar No. A5502516<br>United States Department of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue NW<br>Washington, D.C. 20005<br>202-285-9285 (Jacqueline DerOvanesian)<br>786-649-5251 (Alexander Pogozelski)<br>Jacqueline.DerOvanesian@usdoj.gov<br>Alexander.Pogozelski@usdoj.gov | /s/ William R. Barzee<br>William R. Barzee<br>Florida Bar No. 00158720<br>40 NW 3rd Street, PH 1<br>Miami, FL 33128<br>Tel: (305) 374-3998<br>Fax: (305) 374-6668<br>WilliamBarzee@BarzeeFlores.com<br>Counsel for Patrick Boyd |

## **CERTIFICATE OF SERVICE**

I, Jacqueline DerOvanesian, hereby certify that on March 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Jacqueline DerOvanesian*
Jacqueline DerOvanesian