

*U.S. Department of Justice*

*United States Attorney*
*Southern District of Florida*

*Alexander Thor Pogozelski*
*Assistant United States Attorney*
*99 NE 4th Street, 4th Floor*
*Miami, Florida 33132*

---

**VIA EMAIL**　　　　　　　　　　　　　　　　　　　　　　　July 21, 2025

Bruce A. Zimet, Esq.
1555 Palm Beach Lakes Blvd., Suite 1400
West Palm Beach, FL 33401
*Counsel for Charles Boyd*

William R. Barzee
40 NW Third Street Penthouse 1
Miami, FL 33128
*Counsel for Patrick Boyd*

　　　Re:　　*United States v. Brosius et al.*, No. 1:24-CR-20255-WPD (S.D. Fla.)

Dear Counsel:

　　　The United States hereby provides notice that it plans to call Christopher Trent as a witness at trial. Mr. Trent is the Director of Global Brand Protection, North America, at Johnson & Johnson ("J&J"). Mr. Trent is a fact witness who has personal knowledge regarding the topics he is expected to testify about at trial, including the falsity of T3s/pedigrees associated with J&J prescription drugs that Safe Chain Solutions LLC ("Safe Chain") received and distributed to pharmacies throughout the United States. The scope of Mr. Trent's potential testimony is detailed in his deposition and declaration(s) from the *Janssen v. Safe Chain* civil litigation, which is being produced to you along with this letter. In addition, Mr. Trent will testify about the indicia or red flags that J&J/Janssen prescription drugs were diverted and/or counterfeit.

　　　It is the Government's position that none of the testimony disclosed in this letter is expert opinion testimony because it arises from facts known to the witness. *See United States v. Stoune*, 694 F. App'x 688, 691 (11th Cir. 2017); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.,* 320 F.3d 1213, 1223 (11th Cir. 2003). However, in an exercise of prudence and an abundance of caution, the Government is nonetheless providing this disclosure in the event any of Mr. Trent's expected testimony is deemed to contain expert testimony under Federal Rule of Criminal Procedure 16(a)(1)(G).

　　　As noted above, Mr. Trent will testify about the indicia or red flags that J&J/Janssen prescription drugs were not acquired legitimately (*i.e.*, diverted) and/or counterfeit, such as when:

1) A T3/pedigree reflected a transaction between J&J/Janssen and a company that is not one of its Authorized Distributors;

2) J&J/Janssen prescription drugs were offered and sold to wholesale distributors at discounts greater than 5% off the Wholesale Acquisition Cost ("WAC");

3) A T3/pedigree identified a long list of purchasers of J&J/Janssen product;

4) A T3/pedigree identified two or more pharmacies in the transaction history;

5) A T3/pedigree identified an Authorized Distributor such as McKesson, Cardinal, or AmerisourceBergen selling J&J/Janssen product to another wholesaler (rather than directly to a pharmacy); and

6) A T3/pedigree identified a sale from a distributor located in Puerto Rico to a company located in the continental United States.

The basis of Mr. Trent's testimony will be his personal knowledge and review of evidence in this case, his training and experience working at J&J/Janssen in roles specific to the topics he will testify about, and his prior education and training. Mr. Trent's resume is attached to this letter.

Mr. Trent has not authored any publications in the last 10 years and has not testified as an expert at trial or deposition in the last four years.

Sincerely,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

*/s/ Alexander Thor Pogozelski*
Alexander Thor Pogozelski
Assistant United States Attorney

**Seen and Approved:**

_____
Christopher Trent