| | |
|---|---|
| **From:** | Bruce Zimet |
| **To:** | Pogozelski, Alexander (USAFLS); William Barzee; Ivlis Mantilla |
| **Cc:** | DerOvanesian, Jacqueline (CRM); Gould, Molly (CRM); Bruce Zimet |
| **Subject:** | [EXTERNAL] RE: Motion to compel subject matter waiver |
| **Date:** | Wednesday, July 23, 2025 12:11:14 PM |

Good morning Alex,

Please be advised re Charles Boyd's positions concerning your email yesterday:

1. Charles Boyd does not accept the Government's request that he execute a written waiver of attorney-client privilege and "work-product doctrine" related to the subject matter of the documents covered by our Notice filed last week;
2. Charles Boyd has no standing to object to the issuance of a trial subpoena to Frier – Levitt for documents. However, Charles Boyd request that any such subpoena be provided to Charles Boyd who reserves his right to file a motion to quash said subpoena in whole or in part;
3. Charles Boyd has no standing to object to the issuance of a trial subpoena to any Frier Levitt attorney, but reserves the right to file applications to the Court concerning the scope of any trial testimony.
4. Charles Boyd has no objection to the Government filing a pretrial motion in limine that identifies the trial testimony the government will be seeking to introduce at trial from the Frier-Levitt attorneys. Should Charles Boyd have any objection to any of the identified trial testimony in that motion, Charles Boyd will seek appropriate relief from the Court.
5. Charles Boyd has no objection to the Government seeking to interview Frier-Levitt attorneys prior to trial. It is my understanding that those attorneys will have legal representation and will make independent determinations concerning agreeing to interview and their ethical obligations.
6. The Frier-Levitt law firm has been advised that Charles Boyd has not asserted privileges concerning the 850,000 pages of documents produced by the Government.
7. The Frier Levitt law firm has also been advised that Charles Boyd has not waived his attorney client privilege with the law firm.

We do not agree with your characterization for your motion to compel and would request that our position be presented verbatim as set forth above.

BAZ

Bruce A. Zimet, Esq.
1555 Palm Beach Lakes Blvd.
Suite 1400
West Palm Beach, FL  33401
(561) 508-7741 Telephone (Palm Beach)
(954) 764-7081 Telephone (Broward)

(954) 760-4421 Facsimile

CONFIDENTIALITY NOTICE

This message is being sent by or on behalf of a lawyer. It is intended exclusively for, or for the use of, the individual or entity to who/which it is addressed.  This communication may contain information that is proprietary, privileged, work-product, confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, distribute, disclose or disseminate this message, in whole or in part.  If you have received this communication in error, please notify the sender immediately by email and delete all copies of this message.

**From:** Pogozelski, Alexander (USAFLS) <Alexander.Pogozelski@usdoj.gov>
**Sent:** Tuesday, July 22, 2025 5:55 PM
**To:** Bruce Zimet <baz@bruceazimetlaw.com>; William Barzee <williambarzee@barzeeflores.com>; Ivlis Mantilla <ivlismantilla@barzeeflores.com>
**Cc:** DerOvanesian, Jacqueline (CRM) <Jacqueline.DerOvanesian@usdoj.gov>; Gould, Molly (CRM) <Molly.Gould@usdoj.gov>
**Subject:** Motion to compel subject matter waiver
**Importance:** High

Bruce/Bill/Ivlis –

I am writing to confirm your opposition to having your clients execute a written waiver of attorney-client privilege and work-product doctrine related to the subject matter of the documents covered by your Notice to the Court.  I am also confirming your opposition to the government issuing trial subpoenas to the involved Frier Levitt attorneys for documents.  I also want to get your position on the government issuing trial subpoenas to the involved Frier Levitt attorneys for testimony permitting them to testify and be interviewed by the government (assuming they consent) about any legal advice or work product beyond such communications and work product in the documents covered by the Notice.

Assuming you oppose, we would characterize your position in our motion to compel a subject matter waiver as follows: The Defendants oppose this motion and take the position that their Notice and decision to not assert privilege over the documents covered by the Notice does not constitute a subject matter waiver and that the Defendants object to executing a subject matter waiver.

We request that counsel for both defendants please respond by 9pm this evening.  And obviously if you disagree with our characterization of the basis for your opposition, make

the edits.

Thank you,

- Alex

**Alexander Thor Pogozelski**
Assistant United States Attorney
U.S. Attorney's Office, Southern District of Florida
Alexander.Pogozelski@usdoj.gov
(786) 649-5251