UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-WPD

UNITED STATES OF AMERICA

v.

PATRICK BOYD and
CHARLES BOYD,

        **Defendants**.

_____/

**(PROPOSED) ORDER**

      The United States of America filed a Motion for Order Finding Defendants Waived Privilege and For a Brief Continuance [ECF No. __] ("Motion"). In the Motion, the Government asks the Court for an order (i) finding that Defendants have waived their and Safe Chain's attorney-client privilege regarding the purchase, sale, and distribution of HIV medication, and (ii) continuing the trial date by 30 days to permit the government to investigate and rebut Defendants' advice-of-counsel defense. Having found good cause, the Court hereby **ORDERS** and **ADJUDGES** as follows:

    1. The Motion [ECF No. __] is **GRANTED**.

    2. The Defendants, by intentionally releasing a large volume of privileged documents, have waived their attorney-client privilege with respect to the full scope of the conduct charged in the Indictment during the alleged conspiracy period, including the following subject matters: Safe Chain's acquisition, purchase, and any discussions regarding the potential or actual purchase, sale, and distribution of prescription branded HIV drugs from any distributor; T3s/pedigrees; FDA laws and regulations regarding the wholesale distribution of prescription drugs, including but not limited to any Drug Notification reporting requirements (FDA Form 3911s); State, including

California, laws and regulations regarding the wholesale distribution of prescription drugs; Safe Chain's relationship with Adam Brosius and Worldwide Pharmasales; Adam Brosius's July 2020 federal indictment; pharmacies or individuals who obtained medication purchased from Safe Chain; complaints or concerns relating to branded HIV medication; and any other conduct that in any way relates to the allegations of the above-referenced Indictment. It should apply to communications with and materials prepared by or on behalf of the attorneys or law firms that worked with Safe Chain between April 1, 2020, and August 31, 2021, as well as internal Safe Chain communications regarding any advice provided.

3. The Court finds, pursuant to 18 U.S.C. § 3161(h)(7), the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial considering the timing of the Defendants' newly asserted defenses.

4. Accordingly, the jury trial is hereby continued to September 15, 2025.

5. The period of delay resulting from the granting of this continuance, August 11, 2025, to and including the date trial commences shall be deemed excludable time pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted on the basis of the Court's finding that the ends of justice served by the continuance outweigh the best interest of the public and the Defendant in a speedy trial; failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; the case is so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within 70 days.

**DONE AND ORDERED** in the Southern District of Florida on July __, 2025.

> **WILLIAM P. DIMITROULEAS**
> **UNITED STATES DISTRICT JUDGE**